IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARONDO AUSTIN,

    Plaintiff,

v.

J. CERMENO, et al.,

    Defendants.

No. C 12-05187 YGR (PR)

**ORDER DENYING PLAINTIFF'S NON-PARTY DISCOVERY REQUEST; AND GRANTING HIM A SECOND EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Plaintiff, a state prisoner, filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. The Court has dismissed Plaintiff's complaint with leave to amend. In an Order dated June 24, 2013, the Court granted Plaintiff's request for an extension of time to file his amended complaint.

On July 3, 2013, Plaintiff filed a motion entitled, "Motion to Order [California Department of Corrections and Rehabilitation [CDCR] Correctional Counselor] Critchlow to Rele[ase] Documents Entitled To Plaintiff for Amended Complaint." His motion is construed as a motion for leave to conduct non-party discovery. According to Plaintiff, he is "asking this Court to order CDCR Counselor Critchlow to release documents concerning the Plaintiff's amended complaint." (Pl.'s July 3, 2013 Mot. at 1.) Plaintiff requests, among others, for the production of "staff complaints, letters to [the] warden, inspector general, and internal affairs explaining that the CDCR is hindering [his] 602 complaints, and that [he] never received them back to further exhaust them." (*Id.* at 3.)

Plaintiff is reminded that federal courts do not conduct discovery for the parties. Moreover, this Court cannot compel non-parties to provide Plaintiff with information unless he follows the correct procedure according to the Federal Rules of Civil Procedure. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out subpoena forms and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by

law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, *see* 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding *in forma pauperis*. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). There is nothing in the record showing that Plaintiff has followed the aforementioned procedure prior to requesting the Court to order a non-party to produce the document mentioned above. Therefore, Plaintiff's motion for leave to conduct non-party discovery (Docket No. 12) is DENIED at this time.

Good cause appearing, however, the Court on its own motion finds that Plaintiff should be granted another brief extension of time to file his amended complaint. Plaintiff shall file his amended complaint on or by **August 30, 2013.**

If Plaintiff fails to file an amended complaint by the deadline above, this action will be dismissed. **No further extensions of time will be granted in this case absent extraordinary circumstances.**

This Order terminates Docket no. 12.

IT IS SO ORDERED.

DATED: July 12, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.12\Austin5187.2NDgrantEOT.wpd            2