**FILED**

SEP 23 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARONDO AUSTIN,

    Plaintiff,

v.

J. CERMENO, et. al.,

    Defendants.

No. C 12-05187 BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner, filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983, challenging conditions of confinement.[1] Plaintiff's original complaint was dismissed with leave to amend to show that he exhausted his administrative remedies before filing the instant action. (Docket No. 8.) Plaintiff's amended complaint is now before the Court for initial review. (Docket No. 24.)

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on April 17, 2014.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   **Plaintiff's Claims**

In response to the Court's directive that Plaintiff show that he exhausted administrative remedies before filing suit, Plaintiff has submitted exhibits and copies of his inmate grievances sufficient to meet this threshold requirement. (Docket No. 24 at 2-20.)

Plaintiff's claims arise from events that occurred during his confinement at Salinas Valley State Prison ("SVSP"). Plaintiff claims that on August 14, 2011, Defendant Correctional Officer J. Cermeno tampered with his mail and used racially derogatory slurs for which Plaintiff notified a supervising officer. (Am. Compl. at 28.) Since that incident, Defendant Cermeno began to make threats against Plaintiff and harass him. (*Id.* at 28-29.) On August 19, 2011, Plaintiff claims that Defendant Cermeno filed a false report against him in an effort to have him moved to administrative segregation. (*Id.* at 30.) Then on September 30, 2011, Plaintiff claims Defendant Cermeno along Defendants Prewitt, Villalobos and other unidentified officers attacked him at his work assignment while Defendant Sgt. Meyers was on the "look out." (*Id.* at 29.) Plaintiff claims these officers conspired to assault Plaintiff by falsely accusing him of assault and using a riot as a "decoy." (*Id.*) Plaintiff claims that Defendant Lt. Martinez was aware of that

Defendant Cermeno was harassing him, but did nothing to prevent the assault on September 30, 2011. (*Id.* at 30.) Plaintiff claims that Defendant Dixon conspired with these officers to assault Plaintiff, (*id.* at 31), and that Defendant Sgt. E. Perez and M. Valdez failed to intervene and stop the beating, (*id.* at 33). With respect to the allegation that Defendant Cermeno tampered with his mail, a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). Furthermore, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). However, Plaintiff states a cognizable claim of excessive force failure to intervene in violation of the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff claims Defendant Lt. G. R. Salizar acted to cover up the unlawful beating by finding him guilty of the "false" Rules Violation Report filed by Defendant Cermeno without any evidence. (Am. Compl. at 30.) Plaintiff claims that Defendant Soto filed a false report accusing Plaintiff of assaulting Defendant Cermeno on September 30, 2011. (*Id.* at 31.) Plaintiff claims that Defendant M. Valdez also filed a false report on September 30, 2011. (*Id.* at 33.) Plaintiff claims that Defendant L. Garcia violated his right to due process by failing to investigate the false accustaions, (*id.* at 32), and that Sgt. E. Perez deliberately withheld his staff complaints against Defendant Cermeno, (*id.*). Lastly, Plaintiff claims that L.V.N. Chu was involved in the coverup of his beating when she failed to report the injuries he sustained from the September 30, 2011 beating. (*Id.*) These claims are sufficient to state violations of Plaintiff's right to due process. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).

Plaintiff names as defendants "John Does 1 and 2" in his complaint. (Am. Compl. at 25.) Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity

of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie, 629 F.2d at 642; Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendants John Does 1 and 2 are DISMISSED from this action. If through discovery Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket Nos. 24 & 24-1), all attachments thereto, and a copy of this order upon **Defendants J. Cermeno, Sgt. A. Meyers, Lt. R. Martinez, Lt. G. R. Salizar, Officer D. Prewitt, Officer A. Villalobos, Officer C. Dixon, Sgt. Black, Investigator L. Garcia, Officer W. Soto, Sgt. E. Perez, M. Valdez, and L.V.N. Chu** at **Salinas Valley State Prison**, (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendants L.V.N. J. Chill and J. Lhu from the Docket at Plaintiff does not name these individuals as Defendants in his amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good

cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: September 23, 2014

BETH LABSON FREEMAN
United States District Judge